# IN THE COURT OF APPEALS OF IOWA

————————

No. 24-1840
Filed January 7, 2026

————————

**Estate of Amy Schmidt, Kevin Schmidt, Brandon Schmidt, and Courtney Schmidt,**
Plaintiffs–Appellees,

v.

**Buena Vista Regional Medical Center and Jason M. Dierking, M.D.,**
Defendants–Appellants.

————————

Appeal from the Iowa District Court for Buena Vista County,
The Honorable Nancy L. Whittenburg, Judge.

————————

## REVERSED AND REMANDED

————————

Jeff W. Wright and John C. Gray of Heidman Law Firm, P.L.L.C., Sioux City, attorneys for appellants.

Roxanne Conlin and Devin C. Kelly of Roxanne Conlin & Associates, P.C., Des Moines, attorneys for appellees.

————————

Considered without oral argument
by Tabor, C.J., and Greer and Buller, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

On interlocutory appeal, we are asked to decide whether the district court erred in denying hospital defendants' motion for summary judgment, filed before the dispositive-motions deadline, based on the Estate of Schmidt's failure to comply with the certificate-of-merit statute.[1] Finding supreme court precedent controls, we reverse.

## BACKGROUND FACTS AND PROCEEDINGS

After Amy Schmidt died in 2020 following medical care involving the hospital defendants, her estate petitioned alleging medical negligence, failure to obtain informed consent, and loss of consortium in May 2022. In July, the estate submitted a certificate of merit. Almost two years later, in June 2024, the hospital defendants moved for summary judgment, claiming the certificate of merit did not comply with Iowa Code section 147.140(1) (2022) because it lacked an oath—which our supreme court ruled necessary that May in *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367, 374 (Iowa 2024). The estate resisted, urging that its certificate of merit complied with the statute and, if not fully compliant, it substantially complied.

The district court, considering additional new certificate-of-merit case law, concluded that the estate's certificate of merit did not strictly comply with the statute because it was not signed and sworn before a notary public or other person capable of administering oaths. But the court distinguished this case from existing precedent and found it substantially complied with the

---

[1] We refer to the collective plaintiffs—the Estate of Amy Schmidt by its administrator Kevin Schmidt, her children Courtney Schmidt and Brandon Schmidt, and her husband Kevin Schmidt—as the Estate of Schmidt or the estate for concision. We similarly refer to the collective defendants—Buena Vista Regional Medical Center and Jason M. Dierking, M.D.—as the Buena Vista hospital or the hospital defendants.

statute because the hospital defendants waited twenty-two months to move for summary judgment after the arguably deficient certificate of merit was filed. The court determined that, even though it did not include an oath, the filed certificate of merit achieved the core objectives of the statute:

> [T]he goal of section 147.140, at its core, is to stop frivolous, non-meritorious claims early in litigation. [The estate's] Affidavit achieved that goal. Specifically, after the Affidavit was filed, both parties engaged in discovery, during which proper expert disclosures were made; normal discovery continued, including depositions and interrogatories; and importantly, no motions based on the merits of [the estate's] claims were filed by the [hospital] defendants in any action to dismiss the litigation.

The court denied the hospital defendants' motion for summary judgment and declined to reach additional claims (like whether the statute was void for vagueness) based on its other conclusions.

The hospital defendants applied for interlocutory review and a stay of district court proceedings, which our supreme court granted before transferring the matter to us for disposition.

## STANDARD OF REVIEW

We review the summary-judgment ruling and waiver related to the certificate of merit for correction of errors at law. *Banwart v. Neurosurgery of N. Iowa, P.C.*, 18 N.W.3d 267, 272 (Iowa 2025).

## DISCUSSION

Post-summary-judgment precedent looms over this litigation. In *Banwart*, plaintiffs argued that defendants waived their certificate-of-merit objection by waiting two-and-a-half years to raise it. *See* 18 N.W.3d at 276–78. The supreme court found the defendants did not waive their certificate-of-merit claim because they "moved for summary judgment under

section 147.140(6) over a year *before* their dispositive motion deadline and trial date." *Id.* at 277 (emphasis original). With this holding, the supreme court distinguished another recent case—*S.K. v. Obstetric & Gynecologic Associates of Iowa City and Coralville, P.C.*, 13 N.W.3d 546 (Iowa 2024)—in part pointing to a special concurrence joined by three justices. *See Banwart*, 18 N.W.3d at 277. The *Banwart* court emphasized that the defendants in *S.K.* waived their claim by "failing to raise the issue before final judgment, by the dispositive motion deadline, or indeed at any time during nearly four and a half years of litigation until its appellate motion to reverse." *Id.* (quoting *S.K.*, 13 N.W.3d at 569 (Waterman, J., concurring)).

From these cases, we know waiting until after final judgment is too late to raise this claim. *Id.* And we know that the claim is timely when raised more than a year before the dispositive-motion and trial deadlines. *Id.* (ruling the dispositive motion deadline was "a bright line for determining waiver"). Where on the spectrum does this case fall?

On appeal, the estate abandons its argument that the certificate substantially complied with the statute and instead argues we should find the hospital defendants waived their certificate-of-merit claim because the statute of limitations ran before the defendants raised their claim and both parties had actively participated in expert-testimony discovery. The hospital defendants argue that, based on the September 2024 trial date, the dispositive-motion deadline did not run until July 2024, and they moved for summary judgment within that deadline in June.[2]

---

[2] In their reply brief, the hospital defendants cite an unreported district court ruling, from another case, not available in a publicly accessible electronic database. This ruling is outside the record, and we do not consider it. Iowa R. App. P. 6.801. And we admonish counsel not to interject outside-the-record material into the appellate briefing.

Although we are sympathetic to the equitable and policy concerns expressed by the estate, we believe we are required to reverse the district court under *Banwart*. The supreme court repeatedly referenced its preference for the "bright line" rule grounded in the dispositive-motions deadline and mandated its application. *Banwart*, 18 N.W.3d at 277–78. And we are not at liberty to overrule or even tweak the supreme court's decisions. *E.g.*, *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). To the extent the estate's concerns about application of the *Banwart* rule have an audience, it is with the supreme court—not us.

## DISPOSITION

Bound by controlling precedent, we reverse the district court's summary-judgment ruling for further proceedings consistent with this opinion and existing precedent, including but not limited to *Banwart*. *See* 18 N.W.3d at 277–78.

**REVERSED AND REMANDED.**